# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SUSAN C. ATWELL | ) |
| Plaintiff, | ) |
| | ) No. 3:14-cv-1808 |
| v. | ) |
| | ) Judge Sharp |
| TENNESSEE STATE EMPLOYEES ASSOCIATION | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Tennessee State Employees Association's ("TSEA") unopposed Second Motion for Summary Judgment (Docket No. 22) and Plaintiff Susan C. Atwell's Motion for Interlocutory Appeal (Docket No. 24). For the reasons set forth below, Defendant's motion will be granted and Plaintiff's will be denied.

### I. Defendant's Motion for Summary Judgment

On September 28, 2015 the Court denied Defendant's pre-discovery motion for summary judgment (Docket No. 21). Rather than rehash the factual background and legal analysis in that decision, the Court hereby incorporates its September 28 Memorandum & Order.

Briefly stated, in denying Defendant's motion, the Court noted that the Sixth Circuit has previously endorsed the tender back rule, which is a creature of contract law. It remains an open question, however, whether the rule is applicable to an employee's release of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5 *et seq.* ("Title VII") and the Tennessee Human Rights Act, Tenn. Code Ann. 4-21-101 *et seq.* (Docket No. 21 at 3-6). Instead of dismissing Plaintiff's claims outright or requiring Defendant to fund litigation against itself, the

1

Court struck a reasonable middle ground: the Court ordered Plaintiff to repay the severance money she received before continuing to prosecute her claims.

In the time since the Court's decision, Plaintiff's counsel has apparently told Defendant that she does not plan on tendering back the severance money. (Docket No. 22 at 1-2). Defendant asserts that Plaintiff's refusal to tender back the severance money entitles TSEA to summary judgment. Plaintiff has not specifically responded to Defendant's renewed request for summary judgment, but the Court understands her Motion for Interlocutory Appeal to confirm that she will not be tendering back her severance money. Because the tender back rule remains in effect in the Sixth Circuit, the Court agrees that summary judgment on Plaintiff's claims is appropriate.

## II. Plaintiff's Motion for Interlocutory Appeal

Plaintiff seeks interlocutory review of the Court's previous decision denying Defendant's first motion for summary judgment. Plaintiff's request for interlocutory review appears to be filed in lieu of responding to Defendant's renewed motion for summary judgment. The Court is now granting summary judgment in Defendant's favor, which gives Plaintiff the right to de novo review before the Court of Appeals for the Sixth Circuit. See Lovett v. Ordiway, 121 F.3d 708 (6th Cir. 1997) (citing Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir. 1995) ("This court reviews de novo a district court order granting summary judgment."). Plaintiff's newfound ability to directly appeal the tender back issue renders an interlocutory appeal entirely inappropriate. As such, Plaintiff's motion is denied as moot.

## III. Conclusion

In accordance with the foregoing, the Court rules as follows:

(1) Defendant's Second Motion for Summary Judgment (Docket No. 22) is hereby GRANTED;

(2) Plaintiff's Motion for Interlocutory Appeal (Docket No. 24) is hereby DENIED AS MOOT; and

(3) The Court will hold a status conference on Friday December 11, 2015 at 2:30 pm to discuss with the parties Defendant's counterclaim, the only remaining claim at issue in this case.

It is SO ORDERED.

*(signed)* Kevin H. Sharp

‴KEVIN H. SHARP
″″′″UNITED STATES DISTRICT JUDGE